# Exhibit B

8/8/2024 12:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 90680236
By: Nelson Cuero
Filed: 8/8/2024 12:37 PM

2024-50874 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| **ANDREA CHATMON,** *Individually,* **and** *A/N/F* **B.R.,** *a minor* <br> *Plaintiffs* <br><br> **VS.** <br><br> **JOHN DOE and ADT, LLC** <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT OF** <br><br><br><br> **_____ JUDICIAL DISTRICT** <br><br><br> **HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COME Plaintiffs, ANDREA CHATMON *Individually*, and *A/N/F* B.R., *a minor*, ("Plaintiffs") complaining of JOHN DOE and ADT, LLC ("Defendants"), for cause of action would respectfully show:

### DISCOVERY LEVEL

Plaintiffs intend to conduct discovery under Level 3, and requests that the Court issue a discovery control plan pursuant to 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### RULE 193.7 NOTICE

Plaintiffs hereby gives actual notice to Defendants that any and all documents produced may be used against Defendant at any pre-trial proceedings and/or at trial of this matter without the necessity of authenticating the documents.

### PARTIES

Plaintiff, ANDREA CHATMON, is a resident of Harris County, Texas.

Plaintiff, B.R., is a resident of Harris County, Texas.

Defendant, John Doe, is an unknown individual whose identity will be discovered during the discovery period and at which time John Doe will be served in accordance with Tex. R. Civ. P. Rule 106 and Tex. Civ. Prac. & Rem. Code Ann. § 16.0045(d).

Defendant, ADT, LLC, is a limited liability company registered with the Texas Secretary of State to conduct business in the State of Texas and conducts/transacts business in the State of Texas and may be served by and through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. ***Citation is requested for this Defendant.***

## JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002, in that Harris County, Texas, is the county in which all or a substantial part of the acts and/or omissions giving rise to the claim occurred.

Further, this Court has jurisdiction over Defendant ADT, LLC, pursuant to the Texas Long-Arm statute as codified in Tex. Civ. Prac. & Rem. Code § 17.042(2), where Defendant ADT, LLC committed a tort in the State of Texas. Due-process requirements are satisfied where Defendant ADT, LLC has purposefully availed itself to the privilege of conducting business in the State of Texas such that the Court's exercise of jurisdiction over Defendant ADT, LLC would not offend traditional notions of fair-play and substantial justice.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000. Damages sought are in an amount within the jurisdictional limits of this Court. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

**PRESERVATION OF EVIDENCE**

Plaintiffs hereby request and demands that the Defendants preserve, and maintain, all evidence pertaining to any claim, or defense, related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, video tapes, audio tapes, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.

Plaintiffs specifically requests and demands that all information stored on Defendants' cellular phone, including, but not limited to, call logs, text logs, and data exchanges reflecting the date of the incident made the basis of this suit be preserved. Failure to maintain such items will constitute "spoliation" of the evidence.

**FACTS**

This lawsuit arises out of a motor vehicle collision that occurred on or about April 4, 2024. At all times material hereto, Plaintiff, Andrea Chatmon, operated her motor vehicle in a manner consistent with that of a reasonably prudent motorist. Plaintiff Andrea Chatmon was at a complete stop on F.M. 529 facing a red-light traffic control device at the intersection of F.M. 529 and 99. Minor Plaintiff, B.R., was the restrained passenger in Plaintiff Chatmon's vehicle. Defendant, John Doe, employee of Defendant ADT, LLC, was traveling on F.M. 529 directly behind Plaintiffs when suddenly and without warning, Defendant John Doe rear-ended Plaintiffs. The collision caused Plaintiffs' severe injuries and damages.

**RESPONDEAT SUPERIOR; DEFENDANT ADT, LLC & DEFENDANT JOHN DOE**

At all relevant times, Defendant JOHN DOE was acting within the course and scope of his employment with, and/or in furtherance of the objective of Defendant ADT, LLC. Defendant JOHN DOE was subject to the policies and procedures of Defendant, ADT, LLC. Defendant, JOHN DOE was acting on behalf of Defendant ADT, LLC. Defendant, JOHN DOE was acting within his general authority as an employee and/or agent of Defendant, ADT, LLC. Defendant JOHN DOE was accomplishing an objective and/or mission related to his employment and/or venture with Defendant, ADT, LLC. Therefore, Defendant, ADT, LLC is vicariously liable under the doctrine of respondeat superior for the wrongful and unlawful conduct of Defendant, JOHN DOE.

**NEGLIGENCE; DEFENDANT JOHN DOE**

Defendant, JOHN DOE had a duty to exercise the degree of care that a reasonably prudent and careful person would use to avoid harm to others under circumstances similar to those described herein.

Defendant, JOHN DOE violated and breached this duty of care in one or more of the following manners, including, but not limited to:

   a. Failing to maintain a proper lookout;
   b. Failing to maintain an assured clear distance;
   c. Following too closely;
   d. Failing to control speed; and
   e. Driving while distracted.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by

Plaintiffs.

## NEGLIGENCE PER SE; DEFENDANT JOHN DOE

Pleading further, Defendant, JOHN DOE's actions constitute negligence per se. Specifically, Plaintiff would show the following:

a. Defendant, JOHN DOE engaged in the unsafe operation of his motor vehicle in violation the Texas Transportation Code and in violation of one or more city ordinances, and/or department policies;

b. That said ordinances and the Texas Transportation Code were designed and enacted to protect the general public, including but not limited to, motorists, cyclists, and pedestrians;

c. That Plaintiff was, and always hereto, a member of the class that said city ordinances and the Texas Transportation code were designed and enacted to protect; and

d. Defendant, JOHN DOE's acts and/or omissions, singularly and/or collectively, constituted negligence as a matter of law and proximately caused Plaintiffs' damages.

## GROSS NEGLIGENCE

Defendants' acts and omissions as set forth above, which when viewed objectively from the Defendants' standpoint at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs, and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs. Defendants' acts and/or omissions, singularly and/or collectively, constituted gross negligence and proximately caused Plaintiffs' damages.

## NEGLIGENT HIRING, RETENTION, AND SUPERVISION AGAINST DEFENDANT ADT, LLC

Plaintiffs sustained injuries as a result of Defendant ADT, LLC'S negligent hiring because of Defendant's:

a) Failure to conduct a reasonable and adequate interview of Defendant JOHN DOE as a potential employee;

b) Failure to properly follow up on information not provided by Defendant JOHN DOE in the interview process;

c) Failure to conduct a proper employment and background check of Defendant JOHN DOE;

d) Failure to sufficiently investigate Defendant JOHN DOE's training, prior employment record, criminal record, and past;

e) Failure to perform the required screening, testing, and physical of Defendant JOHN DOE;

f) Failure to adopt proper policies and procedures regarding the interview of a Defendant JOHN DOE who would be driving a vehicle on the highways of the State of Texas; and

g) Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Plaintiffs sustained injuries because of Defendant ADT, LLC's negligent training because of Defendant ADT, LLC's:

a) Failure to explain and demonstrate its safety policies and procedures to Defendant JOHN DOE;

b) Failure to provide the necessary training to Defendant JOHN DOE regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle,

the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations;

c) Failure to properly train Defendant JOHN DOE regarding all aspects of driver safety;

d) Failure to train its employees, including Defendant JOHN DOE, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

e) Failure to provide and/or require regular follow-up driver education and training to its employees including Defendant JOHN DOE;

f) Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

Plaintiffs sustained injuries as a result of Defendant ADT, LLC's negligent supervision, retention, and monitoring because of Defendant ADT, LLC's:

a. Failure to monitor Defendant JOHN DOE to make sure that he was complying with policies and procedures;

b. Failure to interview and test Defendant JOHN DOE to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

c. Failure to implement proper policies and procedures for its employees, including Defendant JOHN DOE, regarding driver safety and vehicle safety;

d. Failure to document and make a determination regarding fault in the accident made the basis of this suit;

e. Failure to supervise Defendant JOHN DOE to ensure that he was keeping the vehicle properly maintained;

f.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## DAMAGES

As a necessary and proximate result of the aforementioned acts and omissions by Defendants, Plaintiffs sustained the following damages for which they are entitled to recover:

a.  Reasonable and necessary medical expenses in the past and future;

b.  Pain and suffering in the past and future;

c.  Mental anguish in the past and future;

d.  Impairment in the past and future;

e.  Lost wages;

f.  Diminished earning capacity; and

g.  Costs of court and lawsuit.

In addition to the above-mentioned and foregoing allegations, Plaintiffs further plead that they are entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial and tender the appropriate fee therewith.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiffs recover damages from Defendants in accordance with the evidence, and as the jury deem them deserving, that Plaintiffs recover costs of court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, both pre-judgment and post-judgment, and for

such other relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

              Respectfully submitted,

              **THE GHUNEIM LAW FIRM**

              _____*/s/ Wisam Ghuneim*_____
              Wisam Ghuneim
              Texas State Bar No. 24035702
              Email: wg@ghuneimlaw.com
              Julien Klink
              Texas State Bar No. 24137482
              Email: Julien.Klink@ghuneimlaw.com
              4702 Spencer Hwy., 2nd Floor
              Pasadena, TX 77505
              Tel: (281) 487-8929
              Fax: (281) 487-0022
              **ATTORNEYS FOR PLAINTIFFS**

              **Designated E-Service Email Address:**
              Eservice@ghuneimlaw.com

**TO DEFENDANTS:**
**YOU MUST DELIVER THIS IMMEDIATELY**
**TO YOUR INSURANCE COMPANY WHO WAS**
**INSURING THE VEHICLE YOU WERE DRIVING**
**AT THE TIME OF THE ABOVE ACCIDENT.**

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Wisam Ghuneim on behalf of Wisam Ghuneim
Bar No. 24035702
wg@ghuneimlaw.com
Envelope ID: 90680236
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 8/8/2024 1:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Wisam Ghuneim | | wg@ghuneimlaw.com | 8/8/2024 12:37:56 PM | SENT |
| Maria Izarraras | | mi@ghuneimlaw.com | 8/8/2024 12:37:56 PM | SENT |
| Julien Klink | | julien.klink@ghuneimlaw.com | 8/8/2024 12:37:56 PM | SENT |
| Blanca Alegria | | ba@ghuneimlaw.com | 8/8/2024 12:37:56 PM | SENT |
| Ghuenim Law | | eservice@ghuneimlaw.com | 8/8/2024 12:37:56 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk